IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARISSE MACLOVES,<br><br>Defendant. | CR. NO. 19-00169 JMS<br><br>ORDER DENYING DEFENDANT'S "EXPEDITED MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) EXTRAORDINARY & COMPELLING CIRCUMSTANCES," ECF NO. 35 |

**ORDER DENYING DEFENDANT'S "EXPEDITED MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) EXTRAORDINARY & COMPELLING CIRCUMSTANCES," ECF NO. 35**

## I. INTRODUCTION

Before the court is pro se Defendant Charisse Macloves' ("Defendant") November 8, 2022 "Expedited Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary & Compelling Circumstances," ECF No. 35 ("Motion").[1] Defendant claims that the death of her mother has left Defendant as the only "adequate" caregiver to her two minor sons constituting extraordinary and compelling reasons justifying compassionate release. Because the court denies the motion based on a consideration of the 18 U.S.C. § 3553(a)

---

[1] Unless otherwise stated, all ECF references in this Order are to the docket in Cr. No. 19-00169 JMS.

factors, the court need not determine if Defendant's caregiving hardship rises to the level of extraordinary and compelling reasons warranting the requested relief. Accordingly, for the reasons stated below, Defendant's Motion, ECF No. 35, is DENIED.

## II. BACKGROUND

Defendant is 44-years old and located at Honolulu Federal Detention Center ("FDC Honolulu"), with a projected release date of January 1, 2027.[2] *See* Find an Inmate, ("Find By Name" entering "Charisse Macloves"), https://www.bop.gov/inmateloc/ (last visited February 28, 2023).

On July 15, 2020, the court sentenced Defendant to 84 months imprisonment, five years of supervised release, and a $100 special assessment. ECF No. 24.[3]

On December 21, 2021, Defendant was notified of a pending transfer to FDC Honolulu and was transferred on January 4, 2022, to a non-Bureau of

---

[2] Defendant claims in her Reply that she "could be released as early as 11-26-2025 if the Bureau of Prisons were to apply her Earned Time Credits that the First Step Act of 2018 afforded inmates who are eligible to receive." ECF No. 40 at PageID.290. In her Motion, Defendant appeared to claim differently, arguing that she was unable to earn First Step Act time credits while at FDC. ECF No. 35 at PageID.196–97. Regardless, whether Defendant's release date is in November 2025 or January 2027 (or some time in between) does not impact the court's ultimate decision to deny the Motion.

[3] Under the United States Sentencing Guidelines, Defendant had a total offense level 29 and criminal history category IV, resulting in an advisory guideline range of 121 to 151 months in prison. The court varied downward from that range and sentenced Defendant to 84 months. ECF Nos. 24 & 25.

Prisons ("BOP") holding facility in Pahrump, Nevada, for six months. ECF No. 35 at PageID.184. Days after arriving in Nevada, on January 9, 2022, Defendant was informed that her mother, Sarah Macloves, died from COVID-19-related complications, leaving Defendant's two minor sons without an "adequate" caregiver. *Id.* at PageID.185; *see also* ECF No. 35-1 (death certificate of Sarah Macloves).

On October 28, 2022, Defendant filed a "Motion to Waive Full Exhaustion of Administrative Remedy Process" to file a compassionate release motion. ECF No. 33. Because the court cannot "waive" the administrative exhaustion requirement, Defendant's motion was denied, ECF No. 34. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked"). On November 8, 2022, Defendant filed the instant Motion. ECF No. 35. The government filed a response on December 12, 2022.[4] ECF No. 37. Defendant filed a reply on January 9, 2023. ECF No. 40. The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

---

[4] The government does not dispute that Defendant has now exhausted her administrative remedies. ECF No. 37 at PageID.272.

## III.  DISCUSSION

### A.  Legal Standard

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *Keller*, 2 F.4th at 1281, and 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  *See Id.*.  Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
>         . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

4

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citations omitted). And although the court must consider "extraordinary and compelling" reasons, the applicable policy statements by the Sentencing Commission, and § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," that requirement does not apply to this case, as there is currently no policy statement from the Sentencing Commission that is "applicable" to compassionate release motions filed by a defendant rather than by the BOP Director. *See Wright*, 46 F.4th at 946. Specifically, the Sentencing Commission's

5

policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission has not yet amended the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802.

The Ninth Circuit in *Keller*, after *Aruda*, further clarified the scope of the district court's discretion, holding that a district court may deny a compassionate release motion solely based on defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). *Keller*, 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny

6

compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

**B.    Analysis**

Here, in exercising its discretion, the court forgoes the first step for determining whether extraordinary and compelling reasons warrant a sentence reduction. Instead, based on a consideration of the § 3553(a) factors, the court denies the motion under the particular circumstances of this case.

Relevant § 3553(a) factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

Defendant pled guilty to a single count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 24 at PageID.135. The conspiracy, which spanned from May to July 2017, involved Defendant's transportation of an individual to distribute a total of 249.7 grams of methamphetamine on three occasions. ECF No. 18 at PageID.87–89. This offense was committed while Defendant was: (1) on probation for a 2007 conviction in Hawaii State Court for Promoting a Dangerous Drug 2; and (2) on supervised release for a 2009 conviction in this court for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (Cr. No. 09-00029 JMS). *Id*. at PageID.91–92.

    The facts of the prior 2009 federal conviction are particularly troublesome. After two drug couriers were arrested, law enforcement was informed that Defendant had arranged the transportation of methamphetamine to Hawaii on five occasions. A September 9, 2008 search warrant was then executed at Defendant's home and vehicle, resulting in the recovery of $19,548 and 88.9 grams of methamphetamine. Defendant was then interviewed by law enforcement, and estimated that she had arranged 20 to 30 trips between Hawaii and California, transporting approximately four pounds of methamphetamine per trip. *Id*. at PageID.93. As a result, Defendant was held responsible under the guidelines for over 80 pounds of methamphetamine. At the time Defendant committed the 2009

offense, she was on probation in Hawaii State Court for Promoting a Dangerous Drug 2. *Id*. at PageID.91–93.

In the 2009 federal case, Defendant was sentenced to 114 months incarceration and five years of supervised release. *See* ECF No. 105 in Cr. No. 09-00029 JMS. After serving her sentence, including approximately six months at a residential reentry center, Defendant was placed on supervised release on October 26, 2016.[5] ECF No. 18 at PageID.93. By May 8, 2017, less than seven months later, Defendant was again in the business of distributing methamphetamine.[6]

In short, Defendant was on probation for a drug offense in state court when she committed a drug offense that resulted in a federal conviction in 2009. And after being on supervised release for the 2009 case for less than seven months, Defendant committed the instant offense. Under these facts, the court determines that Defendant poses a high probability of recidivism if released from custody.

---

[5] While incarcerated at the BOP, Defendant completed the Residential Drug Abuse Program. *Id*. at PageID.99. Although this program may have helped Defendant with abstaining from drug use, it did not stop her from engaging in drug distribution.

[6] Defendant attaches to her Motion: correspondence from a future employer, ECF No. 35-6; email correspondence in which she requests to be waitlisted for various programs, ECF Nos. 35-7 & 35-8; and numerous certificates of completion of educational courses, ECF No. 35-9. Defendant also requests the court to consider that the COVID-19 pandemic has made her sentence "harsher and more punitive than anticipated." ECF No. 40 at PageID.291. Although the court commends Defendant's efforts to rehabilitate and considers the hardship of being incarcerated during the pandemic, the other § 3553(a) factors weigh heavily against granting the Motion under the particular facts of this case.

Weighing all the § 3553(a) factors, including the offense conduct, Defendant's criminal history, Defendant's programming in custody, and the time remaining on Defendant's sentence,[7] the court determines that reducing her sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 35, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Macloves*, Crim. No. 19-00169 JMS, Order Denying Defendant's "Expedited Motion for Compassionate Release Under 18 U.S.C. § 3582(C)(1)(A)(I) Extraordinary & Compelling Circumstances," ECF No. 35

---

[7] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release. *See, e.g., United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *Keller*, 2 F. 4th at 1284; *United States v. Espinoza-Patino*, 2022 WL 16634865, at *1 (9th Cir. May 20, 2022) (unpublished); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020).